The Honorable Mark Riable State Representative 16611 Burlington Road Little Rock, Arkansas 72211
Dear Representative Riable:
This is in response to your request for an opinion concerning A.C.A. § 5-63-203, and related laws which deal with the subject of automated telephone calls. Specifically, you note that a local news agency is considering installing a phone system that would call selected individuals throughout the state to attempt to obtain an accurate sample of public opinion regarding various issues. You note that the calls would be made by an automated system using a recorded voice which would pose to the recipient of the call a particular question. The answer of the recipient would be used to formulate a public opinion survey.
Your question is whether these facts would give rise to a violation of A.C.A. § 5-63-204 or any other law. It is my opinion that the answer to your question is "yes."
Section 5-63-204 of the Arkansas Code provides as follows:
 (a)(1) It shall be unlawful for any person to use a telephone for the purpose of offering any goods or services for sale, or for conveying information regarding any goods or services for the purpose of soliciting the sale or purchase thereof, or for soliciting information, gathering data, or for any other purpose in connection with a political campaign when such use involves an automated system for the selection and dialing of telephone numbers and the playing of recorded messages when a message is completed to the called number. [Emphasis added.]
The question you have posed does not involve the use of an automated system for the purpose of offering or attempting to sell goods or services. The question therefore becomes whether the emphasized language of the statute, regarding the solicitation of information and gathering of data, prohibits the activity you describe. It is my opinion that it does. Although at first blush, the language "in connection with a political campaign," might appear to modify and have reference to the earlier language "soliciting information, [and] gathering data," it is my opinion that statutory rules of construction lend support to the conclusion that it modifies only the words "any other purpose."[1] Therefore the words "soliciting information, [and] gathering data" are not restricted to information or data obtained in connection with a political campaign, but refer to any soliciting or gathering of information or data by an automated system.
It is an established rule of statutory construction that a limiting clause is to be restrained to the last antecedent, unless the subject-matter requires a different result. Bell v.Board of Directors of Jefferson County Bridge Dist.,109 Ark. 433, 160 S.W. 390 (1913). This rule of statutory construction is also discussed in Sutherland, Statutory Construction, § 47.33, wherein it is stated:
 Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is `the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence.' Thus a proviso usually is construed to apply to the provision or clause immediately preceding it. The rule is another aid to discovery of intent or meaning and is not inflexible and uniformly binding. Where the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding sections, the word or phrase will not be restricted to its immediate antecedent.
 Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma.
Sutherland, supra at 270.
In my opinion the language of the statute is ambiguous, and therefore the rules of statutory construction may be used as an aid to determine the legislative intent. It is my opinion, in light of the rule above, that the phrase "in connection with a political campaign" modifies and refers only to the immediately preceding words "any other purpose," and not the words "soliciting information, gathering data." This statute presents a case for application of the general rule set out above. There is, in my opinion, no evidence of a contrary intention, or a comma separating the words "any other purpose" and the words "in connection with a political campaign," such that the other antecedents are similarly modified. The statute therefore prohibits any soliciting of information or gathering of data by use of an "automated system for the selection and dialing of telephone numbers and the playing of recorded messages when a message is completed to the called number."[2]
It is therefore my opinion, in answer to your question, that A.C.A. § 5-63-104 prohibits the conduct you describe.[3]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that the word "other" as used in this provision, does not appear in Section 1 of Act 947 of 1981, as published in the General Acts of Arkansas. The original bill giving rise to the act, however, apparently did include the word "other." If the statute were construed with the word "other" omitted, the conclusion reached in this opinion would be even more apparent.
[2] Although I have not been provided with details in this regard, I assume that the system you describe is the type of system falling within the prohibition of the statute.
[3] I have found no other state or federal law prohibiting this conduct. The "Telephone Consumer Protection Act," codified at47 U.S.C. § 227 (which in any event has been enjoined by a federal court as violating the First Amendment (Moser v. F.C.C.,811 F. Supp. 541 (D. Ore. 1992)), applies only to commercial solicitations. 47 U.S.C. § 227(a). The federal act does not preempt more restrictive state laws on the topic. See47 U.S.C. § 227(e). The question of whether A.C.A. § 5-63-204 violates the First Amendment is a question which you have not posed. The act is presumed constitutional, however, in the absence of a judicial determination to the contrary.